UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHELLE MULLIKIN, **Plaintiff,**

v.  Civil Action No. 3:19-cv-P916-DJH

CALIFORNIA SQUARE 1 APARTMENTS
CORPORATION *et al.*, **Defendants.**

\* \* \* \* \*

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Michelle Mullikin's *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, this action will be dismissed.

### I.

Plaintiff brings her action pursuant to 42 U.S.C. § 1983 against California Square 1 Apartments Corporation and Ms. Lee Lee, who Plaintiff identifies as "Property Management" of the Apartments. Plaintiff indicates that she was a resident at California Square 1 Apartments "for a couple of years" with her boyfriend and that during that time, "we were very respectful and dependable residents." She then alleges:

> This other resident pulled a gun on my boyfriend and threaten his life for no reason. The same day me and my boyfriend Lawrence Wright was walking out the front door here comes him and this other intoixcated resident him and her was harassing me and my boyfriend. And then he acted like he was ready to pull a gun out on me and my boyfriend mins. Later after he just pulled a gun on my boyfriend. I was really fear for my life this resident is crazy we didn't do anything to him. Later after me and my boyfriend came back from the store. The lady that associate with resident that pulled a gun on my boyfriend. I over heard her say that my boyfriend was going to get killed one day.

Plaintiff asserts that she informed Defendant Ms. Lee Lee, who did not believe her and "start to get very disrespectful with me and my boyfriend, so we called the police again." Plaintiff states

that she and her boyfriend "were forced to move from California Square 1 apartments cause we feared for our life. And Ms. Lee Lee is unprofessional and always being disrespectful toward us." She claims that Defendant California Square 1 Apartments Corporation violated her constitutional rights. As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Section 1983 typically cannot be used to bring an action against private parties, like Defendants. *See Wilder v. Hall*, 501 F. Supp. 2d 887, 893 (E.D. Ky. 2007) ("Generally, a section 1983 action will not lie against a private individual."). Only if the alleged infringement of federal rights is fairly attributable to the state may private parties be held to be state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

"The Supreme Court in *Lugar* identified a two-part approach to the question of 'fair attribution,' effectively requiring that the action be taken (a) under color of state law, and (b) by a state actor." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). The Sixth Circuit has applied the following three tests to help determine when the *Lugar* conditions are met: "(1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test." *Lansing*, 202 F.3d at 828.

The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted). The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* Finally, under the symbiotic relationship test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.*

Here, Plaintiff alleges no facts showing that Defendants were exercising powers traditionally reserved to the state; that the state significantly encouraged or coerced Defendants to take the allegedly unconstitutional action; or that there is a sufficiently close nexus between the state and Defendants to deem Defendants state actors. *See, e.g.*, *Jenkins v. Turner*, No. 2:14-14348, 2014 WL 6669229, at *1 (E.D. Mich. Nov. 24, 2014) ("Private landlords are not considered state actors and thus cannot be liable for damages under § 1983.") (citing *Hill v.*

*Langer*, 86 F. App'x 163, 164-67 (6th Cir. 2004)); *Benford v. Smith*, No. 1:04-CV-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that private landlords, even ones participating in the Department of Housing and Urban Development's (HUD) Section-8 housing program, are not considered state actors and thus cannot be liable under § 1983). Plaintiff, therefore, fails to satisfy the requirement that the allegedly unconstitutional acts were committed by a person acting under color of state law and fails to state a § 1983 claim against Defendants.

      For these reasons, the Court will dismiss this action by separate Order.

Date:


cc:    Plaintiff, *pro se*
       Defendants
4415.005